**Noreen HERRERA, Plaintiff-Appellant,**

**v.**

**COLORADO STATE DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.**

**No. 81CA0401.**

Colorado Court of Appeals, Div. II.

Oct. 8, 1981.

Rehearing Denied Oct. 29, 1981.

Certiorari Denied April 5, 1982.

William E. Benjamin, Commerce City, for plaintiff-appellant.

J. D. MacFarlane, Atty. Gen., Eva Camacho Woodard, Asst. Atty. Gen., Denver, for defendant-appellee.

VAN CISE, Judge.

Noreen Herrera (recipient) appeals the judgment affirming an order of the Colora-

do State Department of Social Services terminating her Aid to Needy Disabled (AND) benefits. We reverse.

While working at Denver General Hospital in June 1975, recipient fell and hurt her back. She applied for, was found eligible, and has received AND benefits continuously since that time. In 1979, new and stricter regulations were promulgated by the Department as to eligibility for AND.

In November 1979, the Department notified recipient that her AND benefits would be terminated because she was no longer totally disabled. She timely appealed to the Department, and there was an evidentiary hearing in April 1980.

At the agency hearing, the issue was whether the determination that recipient does not meet the criteria for total disability should be upheld. The recipient testified, and extensive medical testimony was presented. Based on the evidence, the hearing officer made detailed findings and concluded that recipient at the time of the notice and of the hearing did not meet the current criteria for disability and was not totally disabled. He made no findings as to whether her condition had improved or whether any other circumstances had changed since her original eligibility had been determined based on earlier regulations. He held only that, under the current standards, recipient's AND benefits were properly terminated.

Recipient filed this action for judicial review. The district court affirmed the agency decision.

On appeal to this court, recipient contends that, before AND benefits may be terminated, there must be a specific finding that her "circumstances have altered sufficiently to warrant such action." She relies on § 26-2-124(1), C.R.S.1973, which provides in pertinent part:

"All assistance payments and social services provided under this article shall be reconsidered as frequently as and in the manner required by rules and regulations of the state department. After such further verification as the ... rules and regulations of the state department may require, the amount of assistance payments ... may be terminated, *if the state department finds that the recipient's circumstances have altered sufficiently to warrant such action.*" (emphasis supplied)

We agree with recipient's contention.

Section 26-2-124(1), C.R.S.1973, has the effect of "grandfathering" previously eligible recipients whose disabling conditions have not changed despite subsequent changes in regulations. Since the statute requires a finding of a sufficient change of circumstances, and there was no such finding here, the agency decision terminating recipient's AND benefits cannot stand.

The judgment is reversed, and the cause is remanded to the district court, to be remanded by it to the Department for further action consistent with this opinion.

KELLY and TURSI, JJ., concur.